U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 JUN 12 PM 2: 25

CLERK
BY ᴾᴹ
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THERESA McGUIRE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 5:11-cv-24 <br> ) |
| MICHAEL J. ASTRUE, <br> Commissioner of Social Security, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 14, 19 & 21)

This matter came before the court for a review of the Magistrate Judge's April 20, 2012 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 21). Neither party has objected to the R & R, and the deadline for doing so has expired.

In this action, pursuant to 42 U.S.C. § 405(g), Plaintiff Theresa McGuire seeks review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. In the R & R, the Magistrate Judge recommends denying Ms. McGuire's motion to reverse the Commissioner's decision (Doc. 14) and granting the Commissioner's motion to affirm the same (Doc. 19).

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

In reviewing the Commissioner's decision that Ms. McGuire is not disabled, the court must confine its *de novo* review of the administrative record to a determination of whether "substantial evidence" supports the Commissioner's factual findings. 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Assuming the Commissioner's factual determinations are supported by substantial evidence, they are conclusive, and the court cannot disturb these findings to make them "conform to [its] own interpretation of the evidence." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); see also *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980).

The Administrative Law Judge ("ALJ") Thomas Merrill used the five-step sequential process to evaluate Ms. McGuire's disability claim, and concluded she was not disabled during the relevant time period. In so ruling, he found that Ms. McGuire's polysubstance abuse was severe, but her depression and her social anxiety were not.

On review, the Decision Review Board ("DRB") modified the ALJ's decision, finding that both Ms. McGuire's depression and her social anxiety constituted severe impairments. Despite this modification, the DRB adopted all of the ALJ's other findings, explaining that "[w]hile the [ALJ's] decision concludes that the claimant's anxiety and depression were not severe impairments, it is clear from reading the decision that, in fact, those impairments were evaluated and considered as if severe when assessing the claimant's credibility and residual functional capacity." (AR 4-5.) The DRB concluded that the ALJ's decision was supported by substantial evidence.

After filing a complaint with this court, Ms. McGuire moved to reverse the Commissioner's determination, contending that "neither the ALJ nor the DRB properly

2

analyzed the evidence showing that [her] ability to socialize and interact with others was seriously impaired." (Doc. 21 at 7.) In his seventeen page R & R, the Magistrate Judge carefully reviewed the factual record, the competing motions, and the applicable law. He recommends that the court find that the ALJ's decision, as corrected by the DRB, properly reflects Ms. Maguire's limitations and is supported by substantial evidence.

This court agrees with the Magistrate Judge's recommendation and further agrees with his observation that "the evidence taken as a whole supports the ALJ's conclusion that [Ms.] McGuire is 'quite functional despite being socially anxious.'" (Doc. 21 at 10-11) (citing AR 33.)

For the reasons stated above, the court hereby ADOPTS the R & R as the Opinion and Order of this court, DENIES Ms. McGuire's motion to reverse (Doc. 14), and GRANTS the Commissioner's motion for an order affirming the ALJ's decision as corrected by the DRB (Doc. 19).
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 12th day of June, 2012.

Christina Reiss, Chief Judge
United States District Court